IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ST. LUCIE COUNTY FIRE DISTRICT FIREFIGHTERS' PENSION TRUST, Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. No. 4:16-cv-3569 |
| SOUTHWESTERN ENERGY COMPANY; STEVEN L. MUELLER; R. CRAIG OWEN; JOSH C. ANDERS; JOHN D. GASS; CATHERINE A. KEHR; GREG D. KERLEY; TERRY L. RATHERT; VELLO A. KUUSKRAA; KENNETH R. MOURTON; ELLIOTT PEW; ALAN H. STEVENS; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; WELLS FARGO SECURITIES, LLC; BNP PARIBAS SECURITIES CORP.; RBS SECURITIES INC.; BMO CAPITAL MARKETS CORP.; MITSUBISHI UFJ SECURITIES (USA), INC.; MIZUHO SECURITIES USA INC.; SMBC NIKKO SECURITIES AMERICA, INC.; BBVA SECURITIES INC.; CREDIT AGRICOLE SECURITIES (USA) INC.; RBC CAPITAL MARKETS, LLC; CIBC WORLD MARKETS CORP.; SG AMERICAS SECURITIES, LLC; BB&T CAPITAL MARKETS, A DIVISION OF BB&T SECURITIES, LLC; ROBERT W. BAIRD & CO. INCORPORATED; COMERICA SECURITIES, INC.; FIFTH THIRD SECURITIES, INC.; HSBC SECURITIES (USA) INC.; HEIKKINEN ENERGY SECURITIES, LLC; KEYBANC CAPITAL MARKETS INC.; MACQUARIE CAPITAL (USA) INC.; PNC CAPITAL MARKETS, LLC; SCOTIA CAPITAL (USA) INC.; TUDOR, PICKERING, HOLT & CO. SECURITIES, INC.; and U.S. BANCORP INVESTMENTS, INC., | § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

---

## NOTICE OF REMOVAL

---

Defendants Southwestern Energy Company; Steven L. Mueller; R. Craig Owen; John D.

Gass; Catherine A. Kehr; Greg D. Kerley; Terry L. Rathert; Vello A. Kuuskraa; Kenneth R.

Mourton; Elliott Pew; and Alan H. Stevens (collectively, the "Removing Defendants") hereby remove the above-captioned putative class action, which alleges violations of the federal securities laws, from the 61st District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441(a) and the removal provision of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p.

## PROCEDURAL HISTORY

1.      On October 17, 2016, Plaintiff St. Lucie County Fire District Firefighters' Pension Trust filed a putative class action petition in the 61st District Court of Harris County, Texas, captioned *St. Lucie County Fire District Firefighters' Pension Trust v. Southwestern Energy Company, et al.*, Cause No. 2016-70651 (the "State Court Action").   A true and correct copy of the State Court Action petition is attached as Exhibit A.

2.      Defendants Southwestern Energy Company, Mueller, Owen, Gass, Kehr, Kerley, Rathert, Kuuskraa, Mourton, Pew, and Stevens have agreed to accept service as of November 9, 2016.  Merrill Lynch, Pierce, Fenner & Smith Incorporated; Citigroup Global Markets, Inc.; J.P. Morgan Securities LLC; Wells Fargo Securities, LLC; BNP Paribas Securities Corp.; RBS Securities Inc.; BMO Capital Markets Corp.; Mitsubishi UFJ Securities (USA), Inc., now known as MUFG Securities America, Inc.; Mizuho Securities USA Inc.; SMBC Nikko Securities America, Inc.; BBVA Securities Inc.; Credit Agricole Securities (USA) Inc.; RBC Capital Markets, LLC; CIBC World Markets Corp.; SG Americas Securities, LLC; BB&T Capital Markets, a division of BB&T Securities, LLC; Robert W. Baird & Co. Incorporated; Comerica Securities, Inc.; Fifth Third Securities, Inc.; HSBC Securities (USA) Inc.; Heikkinen Energy Securities, LLC; Keybanc Capital Markets Inc.; Macquarie Capital (USA) Inc.; PNC

2

Capital Markets, LLC; Scotia Capital (USA) Inc.; Tudor, Pickering, Holt & Co. Securities, Inc.; and U.S. Bancorp Investments, Inc. (collectively, the "Underwriter Defendants") have yet to be served. The remaining individual defendant in the State Court Action, Josh C. Anders, has not been served. The Removing Defendants and Underwriter Defendants have not answered, moved, or otherwise responded or appeared in the State Court Action.

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

4.      Because the State Court Action asserts claims arising exclusively under the laws of the United States, it is within the original jurisdiction of this Court under 28 U.S.C. § 1331. Specifically, the Petition asserts claims for purported violations of Sections 11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (the "Securities Act"). (Exhibit A ¶¶ 85-104.)  The Petition expressly states that Plaintiff is "asserting only federal law claims." (Exhibit A ¶ 14.)

5.      Because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441(a) and the Securities Act, as amended by SLUSA, 15 U.S.C. §§ 77p and 77v.

6.      Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States  . . . embracing the place where such action is pending."

7.      As originally enacted, the Securities Act (i) granted state and federal courts concurrent jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Act]," and (ii) barred removal to federal courts of any

"case arising under [the Securities Act] and brought in any State court of competent jurisdiction." 15 U.S.C. § 77v(a).

8.     SLUSA amended Section 77v(a) to permit removal of actions "as provided in Section 77p of this title with respect to covered class actions."  15 U.S.C. § 77v(a).  In turn, Section 77p(c) states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending . . . ."

9.     A "covered class action" is any single lawsuit "involving more than 50 persons with common questions of law or fact, or lawsuits brought on a representative basis." *Hung v. Idreamsky Tech., Ltd.*, 2016 WL 299034, at *2 (S.D.N.Y. Jan. 25, 2016) (citing 15 U.S.C. § 77p(f)).

10.    Section 77p defines a "covered security" to include securities "listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market." 15 U.S.C. § 77p(f)(3); 15 U.S.C. § 77r(b)(1)(A).

11.    SLUSA amended the Securities Act to make certain "covered class actions" removable to federal court in order to "make federal courts the exclusive venue for securities class actions." *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *see also Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) (holding that after SLUSA, "state courts were no longer 'court[s] of competent jurisdiction' to hear covered class actions raising 1933 Act claims [and] [t]hus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims" (quoting 15 U.S.C. § 77v(a)); *Lowinger v. Johnston*, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005) (denying motion

to remand because section 77p(b) "does not narrow the scope of cases removable under [77p(c)]"); *Alkow v. TXU Corp.,* 2003 WL 21056750, at *2 (N.D. Tex. May 8, 2003) (denying motion to remand Securities Act class action and noting that Congress enacted SLUSA to "counteract the shift in cases to state courts that . . . frustrated the intent of [the Private Securities Litigation Reform Act]"); *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 98 (2d Cir. 2004) (detailing the legislative history of SLUSA and explaining that "SLUSA, which made federal court the exclusive venue for class actions alleging fraud in the sale of certain securities, closed [a] loophole in the [Private Securities Litigation Reform Act allowing plaintiffs to file 'strike suits' in state court to avoid certain heightened pleading requirements], and expanded federal jurisdiction over class actions").

12.     The State Court Action is a "covered class action" involving a "covered security." 15 U.S.C. § 77p(c).  Plaintiff is a named party seeking to recover damages on a representative basis on behalf of itself and others similarly situated, and the Petition alleges that common questions of law or fact predominate over individual questions.   (*See* Exhibit A ¶ 83.)   In addition, Plaintiff filed this class action on behalf of purchasers of the convertible preferred stock of Southwestern Energy Company.  (Exhibit A ¶ 2.)   These are "covered securities" under SLUSA because they are listed, and were listed during the relevant period, on the New York Stock Exchange. (*See id.* ¶ 3.)  Accordingly, Plaintiff's Securities Act claims are removable.

13.     Numerous federal courts have rejected Plaintiff's assertion that the Securities Act only permits removal of securities class actions that are grounded in state statutory or common law.  Those courts recognized that Plaintiff's interpretation of the SLUSA removal provisions would make the exception language of Section 77v(a) "meaningless" and "irreconcilable" with Congress's legislative intent in drafting SLUSA.  *Alkow*, 2003 WL

21056750, at *1-2; *see also Hung*, 2016 WL 299034, at *2 (holding that there is no bar to removal of covered class actions under SLUSA because state courts are not "court[s] of competent jurisdiction" over such actions); *Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011) ("A significant weakness of the interpretation advanced by Plaintiffs is that it fails to reconcile SLUSA's amendment to the jurisdictional provision (§ 77v(a)) of the 1933 Act—which carves out 'covered class actions' as provided for in § 77p from concurrent state-federal jurisdiction of 'offenses and violations under this subchapter' (i.e. violations of the 1933 Act)—with the SLUSA provisions regarding preclusion of state law class actions (§ 77p(b)) and removal of covered class actions (§ 77p(c))."); *Knox*, 613 F. Supp. 2d at 422 (same); *Rubin v. Pixelplus Co., Ltd.*, 2007 WL 788485, at *4 (E.D.N.Y. Mar. 13 2007) (same).

14.     Removing Defendants note that shortly after SLUSA was passed, one judge within this District who initially denied remand of a Securities Act class action reversed herself on a motion for reconsideration. *See In re Waste Mgmt., Inc. Sec. Litig.*, 194 F. Supp. 2d 590, 596 (S.D. Tex. 2002). That court, however, specifically "emphasize[d] that no court ha[d] held that claims under the 1933 Act, standing alone, are removable under SLUSA." *Id.* In the fourteen years since *In re Waste Management* was decided, many district courts in this Circuit and around the country have held the opposite. *See supra* ¶¶ 11, 13; *see also Wunsch v. Am. Realty Capital Props.*, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015) (adopting the reasoning in *Knox*); *Brady v. Kosmos Energy Ltd.*, 2012 WL 6204247, at *1 (N.D. Tex. July 10, 2012) (agreeing with *Northumberland* that removal is proper); *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) (rejecting plaintiff's argument that *In re Waste Management* applies and that SLUSA did not amend the anti-removal provision of the

6

Securities Act); *Alkow*, 2003 WL 21056750 at *1-2 (removal proper "based on the language of the statute and congressional findings"); *Kulinski v. American Elec. Power Co., Inc.*, 2003 WL 24032299, at *4-5 (S.D. Ohio Sept. 19, 2003) (same).

15.     To be sure, there is a split of authority on this issue.  But that split may soon be resolved:  In a petition for certiorari currently pending in the Supreme Court, the petitioners have asked the Court to confirm that covered class actions based solely on the Securities Act may not be brought in state court.  *See* Petition for Writ of Certiorari, *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, No. 15-1439, 2016 WL 3040512 (May 24, 2016).  Two briefs have been filed by *amici* in support of Cyan's petition: one by a group of law professors, citing a number of law review articles (*see* Brief for Law Professors as *Amici Curiae* in Support of Petitioners, *Cyan*, No. 15-1439, 2016 WL 3538388 (June 27, 2016)), and another by three industry groups (*see* Brief of the Securities Industry and Financial Markets Association, Chamber of Commerce of the United States of America, and National Venture Capital Association as *Amici Curiae* in Support of the Petition for Writ of Certiorari, *Cyan*, No. 15-1439, 2016 WL 3538389 (June 27, 2016)). The Supreme Court directed the respondent to file a response and has asked the Acting Solicitor General to provide his views on the issue.  *See Cyan*, 137 S.Ct. 268 (Oct. 3, 2016).

16.     The United States District Court for the Southern District of Texas has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and it is therefore removable under 28 U.S.C. § 1441(a).

## COMPLIANCE WITH REMOVAL PROCEDURES

17.     This Notice of Removal is properly filed in the United States District Court for the Southern District of Texas, Houston Division, because the 61st District Court of Harris County, Texas is located in this federal judicial district and division.

18.     The undersigned Removing Defendants have all consented to the removal of this action.   The Underwriter Defendants consent to the removal of this action and are contemporaneously filing a Consent to Removal in this Court.[1]

19.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, attached to this Notice of Removal is an index of matters being filed, a copy of each pleading asserting causes of action filed in the state court, including the *St. Lucie County Fire District Firefighters' Pension Trust* petition, the state court docket sheet, and a list of all counsel of record.   No other material covered by Local Rule 81 exists.   In addition, a Civil Cover Sheet, Certificate of Service, and Certificate of Interested Persons accompany this Notice pursuant to Local Rules 3 and 5 and Federal Rule of Civil Procedure 7.1.

20.     Removing Defendants will promptly file with the clerk of the Harris County Court, and will serve on counsel for Plaintiff, a Notice of Filing and a copy of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

---

[1] As noted, individual defendant Josh C. Anders has not been served in the State Court Action.   Accordingly, Anders's consent is not required for removal of this action.   *See Jones v. Houston Ind. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).

DATED:  December 5, 2016

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
Attorney-in-Charge
Texas Bar No. 24044211
Federal Bar No. 27139
1000 Louisiana, Suite 6800
Houston, Texas  77002-5026
Telephone No.: 713-655-5122
Facsimile No.:  713-483-9122

*Of Counsel:*
Scott D. Musoff
*(Pro Hac Vice Motion Forthcoming)*
Skadden, Arps, Slate, Meagher
   & Flom LLP
Four Times Square
New York, New York  10036-6518
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Wallis M. Hampton
Texas Bar No. 00784199
Federal Bar No. 200989
Skadden, Arps, Slate, Meagher
   & Flom LLP
1000 Louisiana, Suite 6800
Houston, Texas  77002-5026
Telephone No.: 713-655-5116
Facsimile No.:  713-483-9116

*Attorneys for Defendants Southwestern Energy Company, Steven L. Mueller, R. Craig Owen, John D. Gass, Catherine A. Kehr, Greg D. Kerley, Terry L. Rathert, Vello A. Kuuskraa, Kenneth R. Mourton, Elliott Pew, and Alan H. Stevens*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5 2016, a true and correct copy of the above Notice of Removal was sent to counsel for plaintiff in this action via certified U.S. mail, return-receipt requested.

*/s/ Noelle M. Reed*
Noelle M. Reed