IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ST. LUCIE COUNTY FIRE DISTRICT FIREFIGHTERS' PENSION TRUST, Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-3569 |
| SOUTHWESTERN ENERGY COMPANY; STEVEN L. MUELLER; R. CRAIG OWEN; JOSH C. ANDERS; JOHN D. GASS; CATHERINE A. KEHR; GREG D. KERLEY; TERRY L. RATHERT; VELLO A. KUUSKRAA; KENNETH R. MOURTON; ELLIOTT PEW; ALAN H. STEVENS; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; WELLS FARGO SECURITIES, LLC; BNP PARIBAS SECURITIES CORP.; RBS SECURITIES INC.; BMO CAPITAL MARKETS CORP.; MITSUBISHI UFJ SECURITIES (USA), INC.; MIZUHO SECURITIES USA INC.; SMBC NIKKO SECURITIES AMERICA, INC.; BBVA SECURITIES INC.; CREDIT AGRICOLE SECURITIES (USA) INC.; RBC CAPITAL MARKETS, LLC; CIBC WORLD MARKETS CORP.; SG AMERICAS SECURITIES, LLC; BB&T CAPITAL MARKETS, A DIVISION OF BB&T SECURITIES, LLC; ROBERT W. BAIRD & CO. INCORPORATED; COMERICA SECURITIES, INC.; FIFTH THIRD SECURITIES, INC.; HSBC SECURITIES (USA) INC.; HEIKKINEN ENERGY SECURITIES, LLC; KEYBANC CAPITAL MARKETS INC.; MACQUARIE CAPITAL (USA) INC.; PNC CAPITAL MARKETS, LLC; SCOTIA CAPITAL (USA) INC.; TUDOR, PICKERING, HOLT & CO. SECURITIES, INC.; and U.S. BANCORP INVESTMENTS, INC., | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT ...............................................................................................................2

I.     SLUSA established exclusive federal jurisdiction for all covered class actions asserting claims under the 1933 Act. ..................................................................2

        a.     On its face, SLUSA eliminates concurrent jurisdiction for 1933 Act class actions. .......................................................................................................3

        b.     The Anti-Removal Provision defines which class actions properly brought in state court in the first instance can be removed. .................................4

              i.     There are no "State courts of competent jurisdiction" over covered class actions brought under the 1933 Act. ....................................4

              ii.     Plaintiff's focus on the exception to the Anti-Removal Provision would render the concurrent jurisdiction provision redundant. ..................6

              iii.     Only Defendants' reading of Section 77v(a) gives meaning to the entirety of the Concurrent Jurisdiction Provision. ......................................7

              iv.     Courts have rejected Plaintiff's reading of Section 77p(c). .........................9

              v.     Defendants' logical reading of Section 77v(a) promotes Congress's goal of removing all "covered class actions" from the jurisdiction of state courts. .............................................................................10

II.     SLUSA's legislative history demonstrates that Congress intended to make 1933 Act class actions removable......................................................................11

        a.     Congress passed SLUSA to stop the forum shopping engendered by the PSLRA. ...............................................................................................12

        b.     The references to "state law" cited by Plaintiff are to state procedural law. .........13

III.     Courts have split on whether class actions based on 1933 Act claims are removable......................................................................................................16

IV.     This Court should wait until the Supreme Court's decision in *Cyan* before resolving Plaintiff's motion to remand. ..........................................................18

CONCLUSION...........................................................................................................199

CERTIFICATE OF SERVICE ....................................................................................22

# Table of Authorities

## CASES

*Alkow v. TXU Corp.*,
  2003 WL 21056750 (N.D. Tex. May 8, 2003) ......................................................8, 13, 17

*Asadi v. G.E. Energy (USA), L.L.C.*,
  720 F.3d 620 (5th Cir. 2013) .........................................................................................6, 7

*Brady v. Kosmos Energy Ltd.*,
  2012 WL 6204247 (N.D. Tex. July 10, 2012)................................................2, 12, 15, 17

*Brody v. Homestore*,
  240 F. Supp. 2d 1122 (C.D. Cal. 2003) ............................................................................8

*Dewsnup v. Timm*,
  502 U.S. 410 (1992).........................................................................................................11

*In re Fannie Mae 2008 Securities Litigation*,
  2009 WL 4067266 (S.D.N.Y. 2009)......................................................................5, 10, 15

*Gustafson v. Alloyd Co.*,
  513 U.S. 561 (1995)...........................................................................................................6

*Hung v. Idreamsky Technology, Ltd.*,
  2016 WL 299034 (S.D.N.Y. Jan. 25, 2016) ..........................................................3, 13, 14

*In re King Pharmaceuticals*,
  230 F.R.D. 503 (E.D. Tenn. 2004)...................................................................................11

*Kircher v. Putnam Funds Trust*,
  547 U.S. 633 (2006)...........................................................................................................9

*Knox v. Agria Corp.*,
  613 F. Supp. 2d 419 (S.D.N.Y. 2009)...................................................................... passim

*Kulinski v. American Electric Power Co.*,
  2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) .............................................................15

*Lapin v. Facebook, Inc.*,
  2012 WL 3647409 (N.D. Cal. Aug. 23, 2012) .................................................................14

*Lightfoot  v. Cendant Mortgage Corp.*,
  137 S.Ct. 553 (2017).......................................................................................................6

*Lowinger v. Johnston*,
   2005 WL 2592229 (W.D.N.C. Oct. 13, 2005)................................................................12

*Niitsoo v. Alpha Natural Resources, Inc.*,
   902 F. Supp. 2d 797 (S.D. W. Va. 2012)......................................................................15

*Northumberland County Retirement System v. GMX Resources, Inc.*,
   810 F. Supp. 2d 1282 (W.D. Okla. 2011)............................................................. passim

*Pinto v. Vonage Holdings Corp.*,
   2007 WL 1381746 (D.N.J. May 7, 2007).....................................................................10

*Public Citizen v. DOJ*,
   491 U.S. 440 (1989)......................................................................................................11

*Reyes v. Zynga Inc.*,
   2013 WL 5529754 (N.D. Cal. Jan. 23, 2013)................................................................15

*Rovner v. Vonage Holdings Corp.*,
   2007 WL 446658 (D.N.J. Feb. 7, 2007)........................................................................10

*Rubin v. Pixelplus Co.*,
   2007 WL 778485 (E.D.N.Y. Mar. 13, 2007)..........................................................9, 10, 12

*Rubin v. United States*,
   449 U.S. 424 (1981)......................................................................................................11

*United States v. Granderson*,
   511 U.S. 39 (1994)........................................................................................................11

*In re Waste Management, Inc. Securities Litigation*,
   194 F. Supp. 2d 590 (S.D. Tex. 2002)..........................................................................17

*In re Waste Management, Inc. Securities Litigation*,
   2002 WL 32107927 (S.D. Tex. Jan. 28), *vacated*, 194 F. Supp. 2d 590 (S.D. Tex.
   2002)..............................................................................................................................17

*Wunsch v. American Realty Capital Properties*,
   2015 WL 2183035 (D. Md. Apr. 14, 2015)....................................................................10

## STATUTES

15 U.S.C. § 77p............................................................................................................ passim

15 U.S.C. § 77p(b)...........................................................................................................6, 8, 9

15 U.S.C. § 77p(b)(1).............................................................................................................9

15 U.S.C. § 77p(b)(2).............................................................................................................9

15 U.S.C. § 77p(c) ...................................................................................6

15 U.S.C. § 77p(f) ...............................................................................3, 7

15 U.S.C. § 77v ........................................................................................8

15 U.S.C. § 77v(a) .......................................................................... passim

15 U.S.C. § 77z-1(b)(1) ...........................................................................1

## OTHER AUTHORITIES

143 Cong. Rec. E1007 (May 21, 1997) ................................................14

143 Cong. Rec. S10712 (Oct. 8, 1997) .................................................14

144 Cong. Rec. S4778 (May 13, 1998) .................................................14

H.R. Rep. No. 105-640 (1998) ....................................................1, 12, 16

H.R. Rep. No 105-803 (1998) (Conf. Rep.) .....................................2, 12, 13

S. Rep. No. 105-182 (1998) ...........................................................12, 13

Mitchell Lowenthal & Shiwon Choe, *State Courts Lack Jurisdiction To Hear Securities Class Actions, but the Frequent Failure To Ask the Right Question too Often Produces the Wrong Answer*, 17 U. Pa. J. Bus. L. 739 (2015) ........................................16

**PRELIMINARY STATEMENT**

Plaintiff's reading of the Securities Litigation Uniform Standards Act ("SLUSA") would lead to an anomalous result: It would leave Plaintiff's exclusively federal claims in state court while allowing the removal of exclusively state claims to federal court. But the language, purpose, and legislative history of SLUSA all confirm that Congress intended to make federal courts the exclusive jurisdiction for most securities class actions, including claims brought under the Securities Act of 1933 ("1933 Act"). Plaintiff's contrary reading of this statute conflicts with its language and cannot be reconciled with Congress's clearly-stated intent.

SLUSA's roots lie in the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Congress passed the PSLRA to address the increasing problem of so-called "strike suits," in which plaintiffs file a securities class action in an attempt to extract settlement payments lower than the cost to defend the suit. To discourage this practice, the PSLRA imposed several procedural and substantive changes to securities class actions, including a mandatory discovery stay pending the outcome of a motion to dismiss. H.R. Rep. No. 105-640, at 9 (1998). *See generally* 15 U.S.C. § 77z-1(b)(1).

Before the PSLRA was enacted, plaintiffs filed the vast majority of securities class actions in federal court. H.R. Rep. No. 105-640, at 10. In the aftermath of the PSLRA, however, the plaintiffs' bar shifted its strategy: It began filing federal securities class actions in state court, where the pleading requirements were less stringent, in the hope of avoiding many of the procedural obstacles imposed by the PSLRA. Determined to close this loophole and to stem the tide of federal securities class actions filed in state court, Congress passed SLUSA to make "federal court . . . 'the exclusive venue for most securities class action lawsuits.'"

*Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282, 1287 (W.D. Okla. 2011) (quoting H.R. Rep. No 105-803, at 13 (1998) (Conf. Rep.)).

Although there is conflicting authority on whether SLUSA eliminated state court jurisdiction over 1933 Act claims brought in state court, many district courts around the country, including the majority of district court judges within the Fifth Circuit who have addressed the issue, have concluded that solely federal securities class actions like this one belong in federal court. The analysis adopted by those courts best comports with the language of the statute and with Congress's express intent, and that analysis should be applied here to deny Plaintiff's motion to remand this case.

In any case, this exact issue is currently the subject of a petition for a writ of certiorari pending before the Supreme Court. The Court should delay any decision on Plaintiff's Motion to Remand pending the Supreme Court's resolution of the petition. (*See* Defs.' Mot. to Stay, Dkt. 15.)

## ARGUMENT

### I.     SLUSA established exclusive federal jurisdiction for all covered class actions asserting claims under the 1933 Act.

In clear contravention of SLUSA's purpose, Plaintiff would have the court reach the "'anomalous result of making purely state law securities class action suits removable to federal court . . . but requiring securities class actions brought in state court and asserting purely federal claims to remain in state court, subject to the diverse procedural regimes of the various states.'" *Brady v. Kosmos Energy Ltd.*, 2012 WL 6204247, at *1 (N.D. Tex. July 10, 2012) (quoting *Northumberland*, 810 F. Supp. 2d at 1287); *see also Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 423 (S.D.N.Y. 2009) ("The narrow reading granting remand creates a jurisdictional anomaly because it has the effect of prohibiting state securities fraud claims in state court, while allowing

federal securities fraud class actions to be litigated there.").  This result cannot be reconciled with the text and purpose of SLUSA.

### a. On its face, SLUSA eliminates concurrent jurisdiction for 1933 Act class actions.

SLUSA amended several sections of the 1933 Act in its effort to preclude lawyers from attempting to evade the requirements of the PSLRA by filing federal securities class actions in state courts.  At issue here are two related provisions: Sections 77v(a) and 77p.  There are two relevant portions of Section 77v(a).  The first Section 77v(a) provision, which defines which 1933 Act claims are subject to concurrent jurisdiction, provides:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to *covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis added) (the "Concurrent Jurisdiction Provision").

The Concurrent Jurisdiction Provision eliminates concurrent jurisdiction over "covered class actions" brought under the 1933 Act by stating that federal and state courts both "shall have jurisdiction of offenses and violations *under this subchapter* [*i.e.* the 1933 Act] . . . *except as provided in section 77p of this title with respect to covered class actions,* of all suits in equity and actions at law brought to enforce any liability or duty *created by this subchapter* . . . ." *Id.* (emphasis added).  In turn, Section 77p defines a "covered class action" as any single lawsuit "involving more than 50 persons with common questions of law or fact, or lawsuits brought on a representative basis." *Hung v. Idreamsky Tech., Ltd.*, 2016 WL 299034, at \*2 (S.D.N.Y. Jan. 25, 2016) (citing 15 U.S.C. § 77p(f)).

Thus the statutory language plainly excludes "covered class actions" brought under the 1933 Act from the cases "under this subchapter" (*i.e.*, under the 1933 Act) that are otherwise subject to the concurrent jurisdiction of federal and state courts. This portion of the statute has no bearing on state law claims (whether they are class actions or individual actions) because cases brought under state law are, by definition, not brought "under this subchapter." Instead, "this subchapter" is limited to the federal law in which it is contained, *i.e.* the 1933 Act. The provision makes clear, then, that claims alleging violations of the 1933 Act that are "covered class actions" are not subject to concurrent jurisdiction but those that are not 1933 Act "covered class actions" are. This straightforward reading of the plain language of these provisions gives each provision meaning and clearly comports with Congress's stated intent to limit securities plaintiffs' use of state courts to evade the PSLRA's requirements in the class action context.

      **b.  The Anti-Removal Provision defines which class actions properly brought in state court in the first instance can be removed.**

            **i.  There are no "State courts of competent jurisdiction" over covered class actions brought under the 1933 Act.**

The second, separate provision in 77v(a), and the one on which Plaintiff relies to argue that class actions under the 1933 Act are not removable, provides:

> Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

§ 77v(a) (the "Anti-Removal Provision"). The Anti-Removal Provision modified the 1933 Act's existing anti-removal provision. Plaintiff suggests that the Court must examine Section 77p(c) to determine whether this case falls within that "exception" to the Anti-Removal Provision. But this misreads what the two separate provisions in Section 77v(a) say and do. As explained above, because the Concurrent Jurisdiction Provision in the first sentence of Section 77v(a) divested state courts of jurisdiction over 1933 Act "covered class actions," those claims cannot

be "brought in any State court of competent jurisdiction." The following diagram shows the interplay of the two separate provisions of Section 77v(a):



The Anti-Removal Provision applies only to actions brought in "State court[s] of competent jurisdiction." Because Section 77v(a)'s Concurrent Jurisdiction Provision divests state courts of jurisdiction over covered class actions, "there are no 'state courts of competent jurisdiction' to hear covered class actions asserting 1933 Act claims." *Knox*, 614 F. Supp. 2d at 423. The Anti-Removal Provision thus has no bearing on "covered class actions" brought under the 1933 Act, such as this one. *See In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at *2 (S.D.N.Y. 2009) ("[C]lass action claims under federal or state securities law are removable, and upon removal, the Court has subject matter jurisdiction. State courts are competent with regard to *individual* 1933 Act claims and those State claims specified in SLUSA." (emphasis added)); *Knox*, 613 F. Supp. 2d at 423 ("Because there are no 'state courts of competent jurisdiction' to hear covered class actions asserting 1933 Act claims and because Knox's putative class action is

such a covered class action, the anti-removal provision does not bar removal of Knox's action."). Accordingly, the Anti-Removal Provision does not bar removal of 1933 Act class actions, such as the claims Plaintiff asserts here. *See also Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 560-61 (2017) (explaining that a "court of competent jurisdiction" is one with "an existing source of subject-matter jurisdiction").

### ii. Plaintiff's focus on the exception to the Anti-Removal Provision would render the Concurrent Jurisdiction Provision redundant.

Plaintiff's interpretation of the exception to the Anti-Removal Provision would render the Concurrent Jurisdiction Provision redundant. Courts generally do not read a statute in a manner that makes part of its language redundant. *See, e.g.*, *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 574 (1995) ("The Court will avoid a reading which renders some words altogether redundant.") (citation omitted). Instead, courts must give meaning to every provision of a statute. *See, e.g.*, *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013). Defendants' reading of the Anti-Removal Provision and the Concurrent Jurisdiction Provision gives both these provisions meaning.

Plaintiff contends that the exception "as provided in section 77p(c)" defines the rule. Section 77p(c) bars removal of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)." *Id.* In turn, Subsection (b) states that

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b). Plaintiff therefore argues that the exception allows for only removal of class actions based on state law. Plaintiff then contends that the reference to "Section 77p" in Section

77v(a)'s Concurrent Jurisdiction Provision also refers to Section 77p(c). Plaintiff attempts to link Section 77v(a)'s Anti-Removal Provision to Sections 77p(b) and (c) to exclude removal of federal actions from state courts. Plaintiff makes the leap that the separate reference to "Section 77p" in the Concurrent Jurisdiction Provision's bar on concurrent jurisdiction for certain covered class actions must also refer to those same two subsections. (Pl.'s Br. at 6, Dkt. 21.)

This interpretation makes the class action carve-out from the Concurrent Jurisdiction Provision redundant and does not, and cannot, explain why Section 77v(a) contains both an exception to the concurrent jurisdiction of state and federal courts over securities actions *as well as* an anti-removal provision that, under Plaintiff's interpretation, would have the same effect. A more sensible reading of Section 77v(a) therefore assigns separate significance to its two separate references to Section 77p. The first reference, in the Concurrent Jurisdiction Provision, limits the universe of cases that may be brought in both federal and state court by carving out "covered class actions," a term defined in Section 77p(f). The second reference, in the Anti-Removal Provision, addresses whether defendants can remove cases that were properly brought in state court in the first instance (*i.e.*, those cases where the state court had concurrent jurisdiction). This interpretation gives meaning to both provisions. Had Congress intended Section 77v(a)'s bar on concurrent jurisdiction to refer only to cases covered in Section 77p(c)'s anti-removal provision, as Plaintiff claims, it would not have needed to create a separate anti-removal provision later in the same section to accomplish the same result.

### iii. Only Defendants' reading of Section 77v(a) gives meaning to the entirety of the Concurrent Jurisdiction Provision.

This reading also dovetails with Section 77v(a)'s exception to concurrent jurisdiction, which states that federal district courts shall have jurisdiction over "offenses and violations *under this subchapter*" concurrent with state courts "except as provided in Section 77p . . . with

respect to covered class actions." 15 U.S.C. § 77v(a) (emphasis added). Because Section 77v(a) is contained within the 1933 Act, the words "this subchapter" must refer to federal law, and not any state's law. *Id.* Accordingly, the exception to concurrent jurisdiction must apply to "offenses and violations" under the 1933 Act "as provided in [S]ection 77p." *Id.* The bar to concurrent jurisdiction therefore cannot refer to Section 77p(c) (and thus, 77p(b)) because that section only refers to class actions brought under state law, which by definition are *not* pursuant to "this subchapter." *Id.* To read the statute otherwise would be illogical and would ignore the phrase "this subchapter." *Id.*

This interpretation is also consistent with the prior statutory language. Before Congress passed SLUSA, Section 77v(a) barred removal of any case "arising under this subchapter [of the 1933 Act] and brought in any State court of competent jurisdiction." Securities Act of 1933, ch. 22(a), 15 U.S.C. § 77v. Thus, that old version of the statute barred the removal of class actions asserting 1933 Act claims. Plaintiff reads the exception added by SLUSA, which maintains the bar on removal "[e]xcept as provided in section 77p(c) of this title," to mean that SLUSA now allows removal only of class actions asserting state law causes of action. But this interpretation would mean that prior to SLUSA, Section 77v(a) barred state law class actions from removal. This simply cannot be reconciled with the former anti-removal provision, which only barred removal of certain cases "arising under" the 1933 Act. If this were still the case, an exception to the anti-removal provision would be entirely unnecessary. *See Northumberland*, 810 F. Supp. 2d at 1287 ("Plaintiffs' interpretation reduces SLUSA's amendment of the jurisdictional provision to mere surplusage: a state law based securities class action cannot amount to a violation 'under this subchapter.'" (citation omitted)); *Brody v. Homestore*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003) (holding that "to interpret § 77p(b)-(c) [as applying only to class actions based on

state law] would render the amendment to § 77v(a) meaningless"). Moreover, if the exception for Section 77p(c) applied only to state law claims, "then no claims arising under the 1933 Act would be removable, and the exception language in § 77v(a) would be meaningless." *Alkow v. TXU Corp.*, 2003 WL 21056750, at *1 (N.D. Tex. May 8, 2003).

### iv. Courts have rejected Plaintiff's reading of Section 77p(c).

Finally, Plaintiff contends that 77p(c) operates to bar the removal of class actions based on federal securities laws by referring to Section 77p(b). But while Section 77p(b) mentions "class action[s] based upon the statutory or common law of any State," courts have read Section 77p(c)'s reference to Section 77p(b) to refer to the remainder of Section 77p(b), which relates to "claims of untruth and deception." *See, e.g.*, *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006) ("[W]e read authorization for the removal in subsection (c), on which the District Court's jurisdiction depends, as confined to cases 'set forth in subsection (b),' § 77p(c), namely, those with claims of untruth, manipulation, and so on. The quoted phrase immediately follows the subsection (c) language describing removable cases as covered class actions involving covered securities, and the language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception."[1]); *see also Northumberland*, 810 F. Supp. 2d at 1287 ("[T]he more sensible reading of Section 77p(c) and its reference to subsection (b) is that it makes removable any covered class actions which includes allegations described in § 77p(b)(1) and (2)."); *Rubin v. Pixelplus Co.*, 2007 WL 778485, at *3 (E.D.N.Y. Mar. 13, 2007) ("[W]hen [Section 77p(c)] refers to '[a]ny covered class action brought in State court . . . as set forth in subsection (b),' it refers to covered class actions alleging an untrue statement and the use

---

[1] Defendants note that *Kircher*'s language, which Plaintiff and Defendants both cite in support of their respective positions, is dicta. *Kircher* involved plaintiffs bringing class actions based on state law, and thus the Supreme Court's discussion of Section 77p is limited to that context.

of a 'manipulative or deceptive device . . . ." (alterations in original) (citations omitted)).

Accordingly, Section 77p(c) is entirely consistent with the view that Section 77v(a)'s Concurrent Jurisdiction Provision divested state courts of jurisdiction over covered class actions brought under the 1933 Act.

> **v. Defendants' logical reading of Section 77v(a) promotes Congress's goal of removing all "covered class actions" from the jurisdiction of state courts.**

In light of the above, many district courts around the country have adopted this simple, logical reading of Section 77v(a). As one court explained, the Section 77p "exceptions were modified by SLUSA so that 'covered class actions' are not subject to concurrent state and federal jurisdiction. Rather, federal courts have exclusive jurisdiction over covered SLUSA class actions alleging claims under the 1933 Act." *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at *2; *see also Knox*, 613 F. Supp. 2d at 424 (explaining that the reference to Section 77p in Section 77v(a) "simply points the reader to the definition of a 'covered class action'" and therefore "the reference to Section [77p] dispels any potential ambiguity concerning the scope of the exception" (citation omitted)); *Pinto v. Vonage Holdings Corp.*, 2007 WL 1381746, at *1 (D.N.J. May 7, 2007) ("[T]here exists exclusive federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created by the Securities Act; and (ii) are covered class actions."); *Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007) (plaintiff's argument for remand "completely ignore[d] the amendment to the first sentence of the SLUSA concerning jurisdiction. In amending the first sentence of section 77v(a), Congress replaced concurrent jurisdiction with exclusive federal jurisdiction over 'covered class actions . . . brought to enforce any liability or duty created by [the Securities Act].'" (alteration in

original)); *Wunsch v. Am. Realty Capital Props.*, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015) (adopting the reasoning in *Knox*).

Moreover, courts have rejected Plaintiff's reading because it would lead to the illogical result of making federal courts the exclusive venue for state law class actions, while state courts would retain jurisdiction over class actions brought under federal law. This result would substantially undermine Congress's goal of having securities class actions in federal court. *See Rubin*, 2007 WL 778485, at *5 (recognizing that this interpretation "would lead to an absurd result that would undermine the principal purpose of SLUSA, which was to stop 'state-court litigation of class actions involving nationally traded securities.'" (citation omitted)).

## II. SLUSA's legislative history demonstrates that Congress intended to make 1933 Act class actions removable.

As the Supreme Court has held, "when we find the terms of a statute unambiguous, judicial inquiry is complete, except 'in rare and exceptional circumstances.'" *Rubin v. United States*, 449 U.S. 424, 430 (1981) (citation omitted).[2] Just as in *Rubin*, "[n]o such circumstances exist here, for [this] reading of the statute is wholly consistent with the history and purpose of the Securities Act of 1933." *Id.* at 430. Those circumstances can include when the result would be absurd. *See, e.g.*, *United States v. Granderson*, 511 U.S. 39, 47 n.5 (1994); *Dewsnup v. Timm*, 502 U.S. 410, 427 (1992) (Scalia, J., dissenting) ("If possible, we should avoid construing the statute in a way that produces such absurd results."); *Pub. Citizen v. DOJ*, 491 U.S. 440, 454 (1989) ("Where the literal reading of a statutory term would 'compel an odd result,' we must search for other evidence of congressional intent to lend the term its proper scope." (citation omitted)). It is

---

[2] As even some courts have recognized, mapping through SLUSA's provisions is complex. *See In re King Pharm.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) ("SLUSA, although inartfully worded, was enacted to ensure that securities class litigation would be conducted in federal court."); *Knox*, 613 F. Supp. 2d at 423 (referring to Section 77p as a "labyrinthine provision"). But the presence of a complicated interaction of provisions does not necessarily render a statute ambiguous.

Plaintiff's, not Defendants', construction that leads to an absurd result—that class actions based solely on a federal securities law may be brought in state courts while class actions based on state securities law must be brought only in federal courts—and this result has no foundation in the history and purpose of SLUSA.

### a. Congress passed SLUSA to stop the forum shopping engendered by the PSLRA.

To the extent that there is any ambiguity in the statute, the interpretation of SLUSA should be informed by Congress's intent. The legislative history of SLUSA plainly shows that Congress had one goal in mind: to give full effect to the PSLRA by precluding plaintiffs from litigating federal securities class actions in state court. Indeed, the legislative sources cited by Plaintiff confirm that Congress enacted SLUSA to undo the flight of securities class actions from federal to state courts. The Senate Committee Report notes that "one disturbing trend became apparent; namely, that there was a noticeable shift in class action litigation from federal to state courts." S. Rep. No. 105-182, at 3 (1998). It continues that one witness testified that "'state-court class actions involving nationally traded securities were virtually unknown prior to the [PSLRA]; they are brought with some frequency now.'" *Id.* at 3-4 (citation omitted). The House Committee Report also recognizes this shift. H.R. Rep. No. 105-640, at 9-10 (1998).

Congress designed SLUSA to stop this forum shopping. The Committee of Conference Report states that SLUSA "makes Federal court the exclusive venue for most securities class action lawsuits," and goes on to confirm that "[t]he purpose of . . . [SLUSA] is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court." H.R. Rep. No. 105-803, at 13 (1998) (Conf. Rep.). As one court described it, Congress passed SLUSA "[i]n order to stop plaintiffs from using state courts to frustrate the objectives of the PSLRA and to close perceived

loopholes in the statute." *Rubin*, 2007 WL 778485, at *2; *see also Lowinger v. Johnston*, 2005 WL 2592229, at *3 (W.D.N.C. Oct. 13, 2005) (explaining that "[i]n furtherance of [the goal of stopping plaintiffs from evading the restrictions of the PSLRA by bringing their class action cases in state court], SLUSA amended the jurisdictional and venue provisions of the 1933 Act, and created an exception, whereby certain 1933 Act claims filed in state court are removable"). "'Congress's broad goal'" in enacting SLUSA was to make "'federal court the 'exclusive venue' for the bulk of securities class actions.'" *Brady*, 2012 WL 6204247, at *1 (citation omitted).

### b. The references to "state law" cited by Plaintiff are to state procedural law.

Despite this goal, Plaintiff argues that, when Congress expressed its desire to limit class actions under "state law," it was concerned about only class actions asserting claims arising under state substantive law. (Pl.'s Br. at 10, Dkt. 21.) But Congress was concerned about all securities class actions. The Senate Report stated that "in order to avoid the thwarting of the purpose of the Private Securities Litigation Reform Act of 1995, national standards for nationally traded securities must be enacted." S. Rep. 105-182, at 8 (1998). As one court noted, "[a] review of SLUSA's legislative history, however, reflects that in enacting SLUSA Congress intended the result advocated by Defendants: that federal court would be 'the exclusive venue for most securities class action lawsuits.'" *Northumberland*, 810 F. Supp. 2d at 1286 (quoting H.R. Rep. No. 105-803, at 13 (1998) (Conf. Rep.)).

Plaintiff's explanation is also counterintuitive. Why would Congress authorize removal of class actions arising under state securities laws, yet permit 1933 Act lawsuits to remain in state court? There is no logical reason for this outcome. SLUSA's solution to make federal court the "exclusive venue for most securities class action lawsuits" would not solve the underlying problem if plaintiffs could still pursue 1933 Act class actions in the state courts. H.R.

Rep. No. 105-803, at 13 (1998) (Conf. Rep.). Instead, Plaintiff's interpretation would allow them to perform "the exact maneuver" that "Congress intended SLUSA to prevent." *Alkow*, 2003 WL 21056750, at *2.

The more reasonable explanation is that these references to "state law" are to state *procedural* law. Congress wanted to stop plaintiffs from avoiding the PSLRA's procedural requirements (*e.g.*, the mandatory discovery stay) by filing suit in state court, where those requirements may not be applied. *See, e.g.*, S. Rep. No. 105-182, at 2 (1998) ("The amendment makes clear the Committee's intention to enact this legislation in order to prevent state laws from being used to frustrate the operation and goals of the 1995 Reform Act."); *id.* at 12-14 (dissenting views of Senators Sarbanes, Bryan, and Johnson, "Myth of State Court Loophole"); *see also Hung*, 2016 WL 299034, at *3 (rejecting a plaintiff's position that state law claims are not removable because, under the plaintiff's theory, "[t]aken together, the PSLRA and SLUSA would encourage plaintiffs to litigate federal securities class actions in state court, with lessened *procedural protections*, and they would prohibit defendants from removing such cases to federal court." (emphasis added) (citing *Romano v. Kazacos*, 609 F.3d 512, 517 (2d Cir. 2010))). Taken in context, it is clear that the references to "state law" relied on by Plaintiff actually support denial of Plaintiff's motion to remand.

Other sources of legislative history also confirm that SLUSA is designed to make 1933 Act class actions removable. The Congressional Record is replete with evidence of SLUSA's purpose:

- Senator Diane Feinstein noted Congress's intent to allow all federal securities class actions to be removable: "The legislation would provide for the shifting of securities lawsuits filed in a state court into the more appropriate federal court, a process called 'removal.' . . . Without removal authority, these companies, whose securities are traded throughout the fifty states, could face liability *under federal securities laws* in

fifty state courts. This widespread liability would undermine the reforms enacted in the [PSLRA]." 144 Cong. Rec. S4778, at 4797 (May 13, 1998) (emphasis added).

- SLUSA's co-sponsor Senator Pete Domenici recognized that "[p]rivate class actions involving nationally traded securities that are filed in State court would be moved to Federal court." 143 Cong. Rec. S10712, at 10713 (Oct. 8, 1997).

- Co-sponsor Representative Anna Eshoo stated that "[t]he bill will require class action lawsuits that involve nationally traded securities to be heard in Federal court. . . . [I]t avoids needless litigation by making removal to Federal courts the procedure by which these cases will be heard." 143 Cong. Rec. E1007 (May 21, 1997).

As numerous cases have recognized, this legislative history overwhelmingly supports the view that the statute is intended to allow removal of class actions based on the 1933 Act. *See Hung*, 2016 WL 299034, at *4 ("Insofar as the legislative history is helpful, it also contains support for Defendants' view [that class actions brought in state court under federal securities laws are removable]."); *Lapin v. Facebook, Inc.*, 2012 WL 3647409, at *3 (N.D. Cal. Aug. 23, 2012) (finding that a class action brought under the 1933 Act is removable is "further supported by the available legislative history"); *Kulinski v. Am. Elec. Power Co.*, 2003 WL 24032299, at *4 (S.D. Ohio Sept. 19, 2003) ("Plaintiff's interpretation, that SLUSA and the relative case law only authorize the removal of causes of action based on state law, is inconsistent with the congressional findings, legislative history, and the language of the amendment itself."). Indeed, several courts that have agreed with Plaintiff's position have conceded that it is irreconcilable with SLUSA's legislative history. *See Niitsoo v. Alpha Nat. Res., Inc.*, 902 F. Supp. 2d 797, 798, 802 (S.D. W. Va. 2012) (noting that the court's holding is "counter-intuitive" and "makes for an inconsistency"); *Reyes v. Zynga Inc.*, 2013 WL 5529754, at *3 (N.D. Cal. Jan. 23, 2013) ("'[G]iven the intent of SLUSA it just makes no sense to prohibit the removal of federal securities class actions to federal court.'" (quoting *Unschuld v. Tri-S Security Corp.*, 2007 WL 2729011, at *9 (N.D. Ga. Sept. 14, 2007))).

**III.     Courts have split on whether class actions based on 1933 Act claims are removable.**

Contrary to Plaintiff's claim, there is no judicial "consensus" regarding whether 1933 Act class actions are removable.  (Pl.'s Br. at 7, Dkt. 21.)  Many district courts across the country have concluded that SLUSA cannot logically be read to allow removal of class actions based on state law to federal court while simultaneously barring removal of class actions based on federal law.  *See, e.g.*, *In re Fannie Mae*, 2009 WL 4067266, at *2 (explaining that such a reading "would . . . lead to an anomalous result: state courts could entertain federal securities class actions but could not entertain state securities class actions"); *Brady*, 2012 WL 6204247, at *1 (same); *Northumberland*, 810 F. Supp. 2d at 1287 (same); *Knox*, 613 F. Supp. 2d at 423 (same).  Likewise, prominent legal academics and writers in leading legal journals who study the federal securities law support Defendants' position that 1933 Act class actions are removable.  *See, e.g.*, Brief of *Amici Curiae* Law Professors in Support of Petitioners, *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, No. 15-1439 (U.S. June 27, 2016), Dkt. 15-3; Mitchell Lowenthal & Shiwon Choe, *State Courts Lack Jurisdiction To Hear Securities Class Actions, but the Frequent Failure To Ask the Right Question too Often Produces the Wrong Answer*, 17 U. Pa. J. Bus. L. 739 (2015).

The vast majority of cases that have adopted Plaintiff's position come from the district courts in California.  This is no coincidence.  The "overwhelming majority" of state securities class actions filed after the PSLRA's passage were in California.  H.R. Rep. 105-640, at 45 (dissent).  That trend has continued.  A review of recent securities class action filings concluded that "[c]lass actions with Section 11 claims have been increasingly filed in California state courts in the last few years."  Cornerstone Research, *Securities Class Action Filings – 2016 Year in Review* 4, (2017)  http://securities.stanford.edu/research-reports/1996-2016/Cornerstone-Research-Securities-Class-Action-Filings-2016-YIR.pdf.  That report concluded:

> California state courts have recently become venues to hear and
> resolve class actions involving Section 11 claims. Writ of
> certiorari petitions before the U.S. Supreme Court in *Cyan Inc. et
> al. v. Beaver County Employees Retirement Fund et al.* involve
> questions regarding this trend . . . .

*Id.* at 16. As commentators have noted, there has been a drastic increase in 1933 Act class

actions filed in California since 2011, from six class actions in the 12 years after SLUSA was

passed to 38 such class actions between 2011 and 2016. *See* Brief of the Securities Industry and

Financial Markets Association, Chamber of Commerce of the United States of America, and

National Venture Capital Association as *Amici Curiae* in Support of the Petition for Writ of

Certiorari, *Cyan, Inc.*, (No. 15-1439), Dkt. 15-4 (citing Kevin M. Lacroix, *So, There's

Concurrent State Court Jurisdiction for '33 Act Suits, Right? Well…*, The D&O Diary (May 20,

2011), http://www.dandodiary.com/2011/05/articles/securities-litigation/so-theres-concurrent-

state-court-jurisdiction-for-33-act-suits-right-well/). The vast majority of the cases from

California on which Plaintiff relies also date from 2011 and later. (Pl.'s Br. at 8 n. 2, Dkt. 21.)

It is hardly surprising, then, that including every California district court decision skews

any analysis of the nationwide trends. The district courts outside of California are divided

almost equally on this question. *See* Brief of *Amici Curiae* Law Professors, *supra*, at 4-9.

To the extent any trend in decisions regarding removal of 1933 Act class actions is

relevant, it is that of the district court judges within this Circuit. And here, of the four decisions

on this issue, the three most recent have held that SLUSA does not bar removal of class actions

based on the 1933 Act. *See* Order, *Kumar v. Santander Consumer USA Holdings Inc.*, No. 3:14-

CV-3746-K (N.D. Tex. Feb. 5, 2015), ECF No. 33; *Brady*, 2012 WL 6204247, at *1; *Alkow*,

2003 WL 21056750. The only exception within this Circuit is a 2002 decision, one of the first in

the country to address the question and thus decided without benefit of the insights of the dozens

of other judges who have since ruled on the issue. *See In re Waste Mgmt., Inc. Sec. Litig.*, 194 F.

Supp. 2d 590 (S.D. Tex. 2002). In *In re Waste Management*, the court first held that 1933 Act claims were removable, *In re Waste Mgmt., Inc.*, 2002 WL 32107927 (S.D. Tex. Jan. 28, 2002), *vacated*, 194 F. Supp. 2d 590, then reversed its holding. The decision itself "emphasized that no court [at that time] ha[d] held that claims under the 1933 Act, standing alone, are removable under SLUSA." 194 F. Supp. 2d at 596. Since *Waste Management* was decided, however, many courts in Texas and across the country have adopted the interpretation urged here.[3]

## IV. This Court should wait until the Supreme Court's decision in *Cyan* before resolving Plaintiff's motion to remand.

In December 2016, Defendants filed a Motion to Stay proceedings in this case until the Supreme Court's ruling in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439 (U.S. May 24, 2016). (Dkt. 15.) The Supreme Court is currently considering Cyan's petition for a writ of certiorari, which asks the Supreme Court to confirm that covered class actions based solely on the 1933 Act may not be brought in state court. With the Acting Solicitor General's views having been sought several months ago, Defendants expect that the Supreme Court will either deny Cyan's petition or rule on the merits before the end of June 2017. For the reasons detailed in Defendants' Motion to Stay, this Court should stay proceedings until the earlier of: (1) the Supreme Court's denial of the petition for a writ of certiorari in the *Cyan* case; or (2) if the Supreme Court grants the petition, its resolution of the case. (*See* Defs.' Mot. To Stay, Dkt. 15.)

---

[3] Plaintiff also argues that "Defendants' strained reading of SLUSA has found zero acceptance among state courts" because "1933 Act cases are proceeding in state courts across the country." (Pl.'s Br. at 9, Dkt. 21.) But this is to be expected, given the judicial split on the meaning of SLUSA's jurisdictional provision. In fact, all of the state cases cited by Plaintiff are from states whose federal district courts have generally adopted Plaintiff's position. (*Id.* at 9 n.3.) Securities plaintiffs are presumably not filing 1933 Act class actions in state courts where the parallel federal courts have concluded that such actions are removable. Moreover, because the decision to permit removal or to remand is left to federal district courts, state courts would not have any reason to rule on the removability of such cases.

**CONCLUSION**

Defendants respectfully ask the Court to deny Plaintiff's Motion to Remand.

DATE: February 14, 2017

Respectfully submitted,

/s/ Noelle M. Reed

Noelle M. Reed
Attorney-in-Charge
Texas Bar No. 24044211
Federal Bar No. 27139
1000 Louisiana, Suite 6800
Houston, Texas 77002-5026
Telephone No.: 713-655-5122
Facsimile No.: 713-483-9122

*Of Counsel:*
Scott D. Musoff
*(Admitted Pro Hac Vice)*
Skadden, Arps, Slate, Meagher
  & Flom LLP
Four Times Square
New York, New York 10036-6518
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Wallis M. Hampton
Texas Bar No. 00784199
Federal Bar No. 200989
Skadden, Arps, Slate, Meagher
  & Flom LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002-5026
Telephone No.: 713-655-5116
Facsimile No.: 713-483-9116

*Attorneys for Defendants Southwestern Energy Company, Steven L. Mueller, R. Craig Owen, John D. Gass, Catherine A. Kehr, Greg D. Kerley, Terry L. Rathert, Vello A. Kuuskraa, Kenneth R. Mourton, Elliott Pew, and Alan H. Stevens*

Respectfully submitted,

/s/ Rodney Acker
Rodney Acker
ATTORNEY-IN-CHARGE
State Bar No. 00830700
Federal Bar No. 13408
NORTON ROSE FULBRIGHT US LLP
rodney.acker@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:      (214) 855-8000
Facsimile:      (214) 855-8200

Of Counsel:
Ellen B. Sessions
State Bar No. 00796282
ellen.sessions@nortonrosefulbright.com
Federal Bar No. 21531
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:      (214) 855-8000
Facsimile:      (214) 855-8200


Mark Oakes
State Bar No. 24062923
Federal Bar No. 112419
mark.oakes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone:      (512) 474-5201
Facsimile:      (512) 536-4598

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Wells Fargo Securities, LLC, BNP Paribas Securities Corp., RBS Securities Inc., BMO Capital Markets Corp., Mitsubishi UFJ Securities (USA), now known as, MUFG Securities America, Inc., Inc., Mizuho Securities USA Inc., SMBC Nikko Securities America, Inc., BBVA Securities Inc., Credit Agricole Securities (USA) Inc., RBC Capital Markets, LLC, CIBC World Markets Corp., SG Americas Securities, LLC, BB&T Capital Markets, a division of BB&T Securities, LLC, Robert W. Baird & Co. Incorporated, Comerica Securities, Inc., Fifth Third Securities, Inc., HSBC Securities (USA) Inc., Heikkinen Energy Securities, LLC, KeyBanc Capital Markets Inc., Macquarie Capital (USA) Inc., PNC Capital Markets, LLC, Scotia Capital (USA) Inc., Tudor, Pickering, Holt & Co. Securities, Inc., and U.S. Bancorp Investments, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 14, 2017, I electronically filed this motion with the clerk of the court using the CM/ECF system, which will send notice to case participants registered for electronic notice.

*/s/ Noelle M. Reed*
Noelle M. Reed