# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE OLBERDING, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AVINGER, INC., JEFFREY M. SOINSKI, JOHN B. SIMPSON, MATTHEW B. FERGUSON, DONALD A. LUCAS, JAMES B. MCELWEE, JAMES G. CULLEN, CANACCORD GENUITY INC., COWEN AND COMPANY LLC, OPPENHEIMER & CO. INC., BTIG, LLC, and STEPHENS INC.,<br><br>    Defendants. | Case No. 17-cv-03398-CW<br><br>(Dkt. No. 10) |
| BILLY GONZALEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AVINGER, INC., JEFFREY M. SOINSKI, MATTHEW B. FERGUSON, DONALD A. LUCAS, JOHN B. SIMPSON, JAMES B. MCELWEE, JAMES G. CULLEN, THOMAS J. FOGARTY, CANACCORD GENUITY INC., COWEN AND COMPANY, LLC, OPPENHEIMER & CO. INC., BTIG, LLC, and STEPHENS INC.,<br><br>    Defendants. | Case No. 17-cv-03401-CW<br><br>ORDER GRANTING MOTIONS TO REMAND<br><br>(Dkt. No. 12) |

United States District Court
Northern District of California

As set forth in more detail in the background section of this order, Plaintiffs have filed motions to remand both of these related cases. Having considered the parties' papers, the Court grants the motions to remand.

BACKGROUND

On May 23, 2017, Plaintiff Billy Gonzalez filed a class action complaint in San Mateo County Superior Court against Avinger, Inc. and several of its individual officers and directors, alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the Securities Act), 15 U.S.C. §§ 77k, 77o. Gonzalez claims that Defendants issued a materially false and misleading registration statement and prospectus in connection with Avinger's January 30, 2015 initial public offering. On May 25, 2017, Plaintiff Kyle Olberding filed a separate class action complaint in the same court against Avinger, Inc. and all but one of the same individual defendants, alleging similar claims. Defendants removed both actions to this Court on June 12, 2017. On June 19, 2017, the Court granted a joint motion to relate the two cases, as well as a third case that had also been removed from the San Mateo County Superior Court, Grotewiel v. Avinger, Inc., No. 17-cv-03400.[1]

Plaintiff Olberding filed a motion to remand on June 22, 2017. Plaintiff Gonzalez filed a motion to remand on June 23, 2017. On June 28, 2017, the Court granted in part Defendants' administrative motion to coordinate the briefing and hearing of both motions to remand. The Court also directed the parties to

---

[1] No motion to remand was filed in Grotewiel and the Court does not address that case in this order.

2

address whether, if the Court were to grant the motions to remand, Defendants could remove the cases again if appropriate following disposition of <u>Cyan, Inc. v. Beaver County Employees Retirement Fund</u>, United States Supreme Court No. 15-1439 (cert. granted June 27, 2017).

On July 10, 2017, Defendants Avinger, Inc., Jeffrey M. Soinski, John B. Simpson, Matthew B. Ferguson, Donald A. Lucas, James B. McElwee, James G. Cullen, and Thomas J. Fogarty filed an opposition to the two motions to remand. Defendants Canaccord Genuity Inc., Cowen and Company, LLC, Oppenheimer & Co. Inc., BTIG, LLC, and Stephens Inc. joined in the opposition. On July 17, 2017, Plaintiffs filed a joint reply in support of the motions to remand. The Court determined that the pending motions are suitable for disposition without oral argument, and vacated the hearings in both cases.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). In general, the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." <u>Id.</u> Where the subject matter of an

3

1  action qualifies it for removal, but a plaintiff moves to remand
2  based on an express exception to removal jurisdiction, however,
3  the burden is on the party seeking remand to prove the
4  applicability of the express exception to the exercise of
5  jurisdiction. Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1023-
6  24 (9th Cir. 2007) (citing Breuer v. Jim's Concrete of Brevard,
7  Inc., 538 U.S. 691, 698 (2003)).

                              DISCUSSION

Plaintiffs contend that these related cases should remanded because the Securities Act explicitly bars removal. The Securities Act contains an anti-removal provision which states: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Section 77p(c) allows for the removal of any "covered class action brought in any State court involving a covered security, as set forth in subsection (b)." Subsection (b), in turn, provides, "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging" securities fraud. 15 U.S.C. § 77p(b). The term "covered class action" is defined broadly, without reference to whether the claims are brought under state or federal law. 15 U.S.C. § 77p(f)(2)(A).[2]

---

[2] The definition provides that the term "covered class action" means:

    (i) any single lawsuit in which--

        (I) damages are sought on behalf of more than 50

4

The parties dispute whether these provisions, taken together, prohibit the removal of securities fraud class actions like the present one that raise claims only under the federal Securities Act and not under state law. Neither the Supreme Court nor the Ninth Circuit has squarely addressed this question, and the courts that have addressed it--including the courts in this district--are divided. The Supreme Court, however, granted certiorari to address this question in <u>Cyan</u>, and a decision is expected in the 2017-2018 term.

This Court, however, has addressed the question previously. <u>Toth v. Envivo, Inc.</u>, No. 12-cv-05636-CW, 2013 WL 5596965, *1 (N.D. Cal. Oct. 11, 2013). This Court held that "'given the lack of clear authority from the Supreme Court or the Ninth Circuit on this issue, and given the split in authority among district

---

persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or

(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which--

(I) damages are sought on behalf of more than 50 persons; and

(II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 77p(f)(2)(A).

5

1  courts,' remand is the appropriate course of action." Id. at *2
2  (quoting Reyes v. Zynga Inc., No. 12-cv-05065-JSW, 2013 WL
3  5529754, *3 (N.D. Cal. Jan. 23, 2013).

4  Defendants have provided no adequate reason for this Court
5  to deviate from its analysis in Toth. The ambiguous statutory
6  language and legislative history create a close question, but
7  this was also true when this Court decided Toth. The Court also
8  considers that the acting Solicitor General, in Cyan, submitted a
9  brief taking the position that removal is permitted. However,
10 "nearly every court within this district that has addressed this
11 issue since 2012 has remanded this type of case back to state
12 court, ruling that the Securities Act explicitly bars removal of
13 securities class actions asserting only federal claims." Rivera
14 v. Fitbit, Inc., No. 16-cv-02890-SI, 2016 WL 4013504, at *2 & n.2
15 (N.D. Cal. July 27, 2016) (citing cases). On balance, the Court
16 finds that Plaintiffs' motions to remand should be granted for
17 the reasons explained in Toth and by the other courts in this
18 district to address the question.

19 The Court also denies Defendants' request that the Court not
20 rule on Plaintiffs' motion to remand until after the Supreme
21 Court decides Cyan. This Court lacks jurisdiction over this
22 action, and immediate remand is the appropriate course. See Book
23 v. ProNAi Therapeutics, Inc., No. 16-cv-07408-EJD, 2017 WL
24 2533664, at *2 (N.D. Cal. June 12, 2017) (granting motion to
25 remand and denying motion to stay decision pending petition for
26 writ of certiorari in Cyan). Additionally, a stay would delay
27 adjudication in the proper forum, prejudicing Plaintiffs. On the
28 other hand, Defendants will not be significantly prejudiced

6

because, as they acknowledge, they may remove the cases again if appropriate following a decision in Cyan. See Rea v. Michaels Stores Inc., 742 F.3d 1234, 1238 (9th Cir. 2014) (holding Class Action Fairness Act removal timely under 28 U.S.C. § 1446(b)(3) when notice of removal filed within thirty days after Supreme Court decision).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff Olberding's motion to remand Case No. 17-cv-03398 (Docket No. 10) and Plaintiff Gonzalez's motion to remand Case No. 17-cv-03401 (Docket No. 12). The Clerk shall remand these two cases to San Mateo County Superior Court and close the files in this Court.

This order is without prejudice to Defendants filing a renewed notice of removal if appropriate following the United States Supreme Court's disposition of Cyan, Inc. v. Beaver County Employees Retirement Fund, S. Ct. No. 15-1439 (cert. granted June 27, 2017).

IT IS SO ORDERED.

Dated: July 21, 2017

CLAUDIA WILKEN
United States District Judge

7